UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 15-580 |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| JOSE ANGULO-CARRIZOSA, | ) | |
| Defendant. | ) | |

Offenses charged:

Defendant is charged in three of the four counts of the complaint:

    1. Conspiracy to Distribute Cocaine, 500+ grams.

       Potential imprisonment: 5 years minimum, 40 years maximum

    2. Possession of cocaine with intent to Distribute, 500+ grams.

       Potential imprisonment: 5 years minimum, 40 years maximum

    3. Possession of a firearm in furtherance of a drug trafficking offense. Potential imprisonment: 5 years minimum; maximum life; consecutive to other sentences.

Date of Detention Hearing:   December 23, 2015.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

DETENTION ORDER
PAGE -1

based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of other persons and the community, or defendant's future appearances.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) The Indictment charges defendant with three controlled substances offenses, each of which carries a maximum penalty in excess of ten years of imprisonment. There is therefore a rebuttable presumption of detention. Although defendant, and the Pretrial Services reports present information in support of release, the court is nevertheless required to give some weight to the presumption. The court finds that the information in support of proposed release does not effectively rebut the presumption.

(2) As outlined in the affidavit supporting the complaint, defendant participated in the display and attempted sale of three kilos of cocaine to a person who turned out to be a confidential informant. He was also present during the negotiations for the possible sale of 40-50 kilos of cocaine to the same person, at a price of $37,000 per kilo.

(3) During these discussions, defendant possessed a Ruger pistol, which was loaded and had a round in the chamber. Defendant has admitted to law enforcement that he was hired to provide armed security to protect the cocaine dealers. He was to receive $3,000 to $4,000 for providing this protection.

(4) Defendant's participation in these attempted sales of very large quantities of cocaine, and his use of a loaded firearm, each raise very serious concerns about the danger defendant would pose to other persons and the community if he were released.

(5) Defendant asserts he had permit to carry a concealed weapon. The court finds this neither presents a defense of any kind, nor mitigates the culpability of defendant's conduct. A concealed weapons permit does not authorize defendant to carry a loaded pistol as security for a felony drug transaction. Defendant also had another weapon in his car. Both weapons are now in possession of law enforcement agents.

(6) If convicted of the charges in the complaint, defendant faces a mandatory minimum sentence of at least ten years. The maximum potential sentence is considerably higher. This provides defendant a very substantial incentive to flee, if released. This far outweighs any incentive to remain by reason of a common-law marriage.

(7) Defendant has been sporadically employed. He expects he will be discharged from his current job, as a result of his arrest in this case. He is therefore will be unemployed; and his employment situation will provide no incentive for him to remain in the area.

(8) Defendant claims to have been born in the United States. But he has spent a significant portion of his life in Mexico, and has what Pretrial Services has described as "strong familial and residential ties to Mexico."

(9) Defendant therefore presents a danger to other persons and the community, and a significant risk of non-appearance. There are no conditions of release he can meet which would adequately address these risks.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of December, 2015.

s/ John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE -4